IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** ) | CASE NO. 7:20CV00087 |
| ) | |
| **Petitioner,** ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **HAROLD CLARKE, DIRECTOR,** ) | By:  Glen E. Conrad |
| ) | Senior United States District Judge |
| **Respondent.** ) | |

Petitioner David Meyers, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  He challenges (1) a judgment by the Petersburg Circuit Court convicting and sentencing him for various criminal offenses and (2) numerous prison disciplinary convictions, sentence calculations, and classification decisions.  Meyers has now filed a motion for voluntary dismissal of his claims concerning the Petersburg judgment.  Upon review of the record, the court will grant Meyers' motion as to those claims.  The court also concludes that his remaining claims must be dismissed without prejudice.

Meyers' petition begins on a § 2254 form, where he states three claims concerning his Petersburg convictions (ineffective assistance of counsel, denial of an alibi witness, and denial of discovery).  Attached to the § 2254 form is a long list of additional claims numbered A1 through P.  Most of these claims also concern Meyers' Petersburg criminal proceedings.  Meyers states that he has filed a habeas corpus action in the United States District Court for the Eastern District of Virginia in which he will pursue such claims.  Thus, for good cause shown, the court will dismiss without prejudice all such claims from this action.

The fourth claim on Meyers' § 2254 petition form, as well as Claims A1, IA, and P on a separate attachment, concern his prison good time, disciplinary proceedings, security level, and jail credit.  Claim 4 alleges that Meyers has been denied due process in unspecified ways during

numerous disciplinary proceedings at four different Virginia Department of Corrections ("VDOC") prison facilities from 2016 to the present; that disciplinary hearing officers have committed "malicious prosecutions" against him; that his security level is incorrect; that his jail credits have not been correctly counted; that the disciplinary charges were retaliatory; that he was denied a mental health assessment before being found guilty and penalized for the infractions; and that various VDOC officials have caused officers to sexually abuse Meyers and commit hate crimes against him to deny him the opportunity to earn good conduct time. See Pet. 10, ECF No. 1. Claims A1 and IA allege that VDOC Wardens Carl Manis, Jeffrey Kiser, and I. Hamilton are refusing to correct Meyers' security level, which was wrongfully increased by all of the retaliatory disciplinary charges alleged in Claim 4, so that he can earn good time credits again. Pet. Attachment 1, 4, ECF No. 1-1. Claim A1 also alleges that various counselors and unit managers will not credit him points for courses he has completed and will not credit pretrial jail time served toward his term of confinement. Finally, Claim P states that VDOC Director Harold Clarke has not correctly calculated Meyers' "jail credit days from Riverside Regional Jail with [his] consecutive sentences and is intentionally holding [Meyers] beyond [his] release date and day for day sentence." Id. at 5.

These "claims" consist of conclusory assertions and are completely devoid of factual detail, including dates or particularized allegations. A civil action must plead facts sufficient to "state a claim to relief that is plausible on its face" or face dismissal for insufficient pleading of factual support. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation

marks omitted). Meyers' conclusory assertions—that the listed prison officials have wronged him in various ways—simply do not meet this threshold pleading requirement for a civil action.

Meyers also misjoins unrelated claims in one petition. Rule 2(e) of the Rules Governing Section 2254 Cases provides that a habeas corpus petition may challenge only the judgment or judgments of a single court. Meyers is attempting to join together the judgments of multiple disciplinary hearing officers at multiple VDOC facilities over a three-year period. This undisguised attempt to shortcut applicable rules of joinder will not be tolerated. Rule 2(e) provides that separate § 2254 petitions must be filed to challenge judgments of separate courts (or in this case, disciplinary hearing officers). See also Fed. R. Civ. P. 18, 20 (regarding joinder of parties and claims).

Moreover, many of Meyers' claims are not properly raised in a habeas corpus proceeding at all. Security classification claims and disciplinary proceedings that do not affect the fact or duration of Meyers' term of confinement cannot be properly raised in a habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus petitions are reserved for attacks on the fact or duration of petitioner's confinement). Challenges to conditions or restrictions that the inmate encounters while in prison (such as security level classifications and mental health assessments) fall well outside the core of habeas corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief. See Nelson v. Campbell, 541 U.S. 637, 643 (2004). These claims about prison conditions must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted in the current action.

For the reasons stated, the court will dismiss without prejudice all of Meyers' claims concerning the criminal proceedings against him in the Petersburg Circuit Court. The court will

3

also dismiss without prejudice his remaining claims for failure to state a claim upon which relief could be granted. An appropriate order will enter herewith. Dismissal without prejudice leaves Meyers free to refile his claims concerning sentence calculation and prison disciplinary and classification proceedings in separate, sufficiently detailed § 2254 petitions, subject to the applicable statute of limitations, 28 U.S.C. § 2244(d)(1), and joinder rules.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Meyers.

**ENTER**: This  16th day of April, 2020.

/s/ Glen Conrad
Senior United States District Judge